**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA**

UNITED STATES OF AMERICA,

v.                                                                             Criminal Case No. 04-00226-001

JESSIE SCOTT,

    Defendant.
_____/

**ORDER DENYING RECONSIDERATION
AND THE RESCINDING OF SENTENCE**

THIS CAUSE is before the Court on defendant's motion for reconsideration and to rescind sentence. The government has failed to respond to the motion.

Defendant seeks to have this Court reconsider and rescind his sentence complaining that the Court failed to identify reasons for its sentence outside the advisory guideline range. The Court disagrees and denies the motion finding that the sentence is reasonable and not greater than necessary, and that a proper explanation of the reasons for the maximum statutory sentence was clearly stated.

This Court found it necessary to impose a sentence outside of the guidelines because of the accelerating nature of violence in the defendant's life. These incident of violence, which the Court detailed at the original sentencing, were considered and incorporated into the sentencing now being questioned. Defendant complains that the Court failed to make any findings pertaining to the "factually and legally compelling grounds for a sentence below the prescribed Guidelines range." The record reveals, however, that the Court clearly stated that

the defendant's personal circumstances surrounding his violent episodes perhaps explained why he acted as he did but did not detract from the dangerous person he had become—and that was the person the Court had to deal with.

Danger to the community and deterrence are proper factors to be considered in determining an appropriate sentence. In this case, defendant's threats against a judge (and his family) for carrying out his constitutional duties were, in fact, an assault upon the judicial system of the United States itself—the glue that holds this nation together as a civilized society. He argues that the threats were not serious but were only to make him look good in the eyes of fellow inmates, but he offers nothing to suggest that he would not carry out the threats in the future, as he has insinuated he would do, if he thought that to do so would impress fellow inmates or others. Threats of this nature must be deterred by a lengthy sentence not only to punish and restrain the defendant who made them but to warn all others who would consider similar criminal conduct.

Defendant further complains that the Court did not explain why a lower sentence would be insufficient, yet the reasons stated in explaining why a greater sentence is necessary make clear that a lesser sentence would be insufficient. Further, this Court made no finding that the defendant's criminal history category did not adequately reflect his past crimes. It is the totality of the circumstances of his bizarre and violent past, some of which were not crimes per se, *e.g.,* sticking a fork into a electrical plug, that convinced the Court of his dangerousness.

As previously explained, this defendant is potentially violent as his past actions demonstrate and poses a risk that he would carry out his threats when released. The maximum sentence ensures that, at least for that period of time, he will be restrained from carrying the threats out, and that he will not present a danger to anyone else in the community. Hopefully, the sentence will get the attention of and serve to deter all others who might consider similar criminal conduct.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

Defendant's motion for reconsideration and to rescind sentence is **DENIED**.

**ORDERED** on this 28th day of December, 2006.

                                                   s/*L.A. Collier*
                                                   Lacey A. Collier
                                        Senior United States District Judge